***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff suffered a compensable accident, injuring his shoulder and neck on April 22, 2002.
2. Defendants accepted the claim and have provided medical care and indemnity benefits to plaintiff since that time.
3. Dr. Kevin M. Supple kept plaintiff out of work entirely until June 12, 2002 at which time he opined that plaintiff could work one-handed.
4. On July 17, 2002, Dr. Supple took plaintiff out of work entirely pending a rotator cuff repair. Plaintiff remained out of work under Dr. Supple's care through October 7, 2002 at which time Dr. Supple thought Plaintiff could work one-handed again.
5. Dr. Supple took plaintiff back out of work on November 4, 2002. Defendant-employer does not have light duty work available for plaintiff.
6. On August 4, 2002 Dr. Supple placed the following permanent restrictions on plaintiff:
(a) No lifting over ten pounds; and
(b) No lifting overhead using the left arm.
7. On August 4, 2002, Dr. Supple opined that plaintiff had a 20% permanent partial disability rating to his shoulder.
8. In December 2002, Dr. Supple referred plaintiff to Dr. Max Cohen, a colleague in the same office. Dr. Cohen saw plaintiff on December 13, 2002, and gave the following restrictions:
(a) No lifting over five pounds;
(b) No overhead activities; and
(c) No pushing or pulling.
9. Plaintiff underwent a multi-level cervical fusion of C5-6, C6-7, and C7-T1 by Dr. Max Cohen on February 21, 2003. Dr. Cohen took plaintiff entirely out of work.
10. Dr. Cohen had previously opined in a note of January 16, 2003 that it would take approximately three months for the fusion to be complete, and that there would be effects on plaintiff's normal activities.
11. Although Dr. Cohen had thought as of March 6, 2003 that plaintiff would be ready for sedentary work in just a month, plaintiff's slow recovery necessitated that he stay out of work entirely until June 19, 2003, at which time Dr. Cohen made the following restrictions:
(a) No lifting more than five pounds;
(b) No bending, twisting, or stooping; and
(c) No prolonged standing.
12. On August 1, 2003 Dr. Cohen placed the following permanent restrictions on plaintiff:
(a) No overhead lifting over ten pounds;
(b) No repetitive bending, twisting, or crouching; and
(c) No pushing or pulling greater than 30 pounds.
13. On July 23, 2003 plaintiff filed a Motion for Attendant Care. Attached to this motion were:
(a) Letter of plaintiff's counsel to Dr. Cohen dated June 11, 2003;
(b) Dr. Cohen's response dated June 27, 2003;
(c) Letter of plaintiff's counsel to defendants' adjuster dated June 27, 2003 asking her to provide attendant care; and
(d) Letter of defendants' adjuster dated July 10, 2003 declining to provide the requested attendant care.
14. Defendants objected to the Motion for Attendant Care on July 28, 2003.
15. On August 11, 2003, Special Deputy Commissioner Robert J. Harris from the Office of the Executive Secretary denied plaintiff's motion.
16. In his Motion for Attendant Care, plaintiff alleged that he is no longer able to do yard work and routine household cleaning as a result of his injury, and he now has to hire persons outside the home to do this work. Plaintiff is requesting payment from defendants for these services. Dr. Cohen stated in a letter dated June 23, 2003, "I am in agreement that he [plaintiff] requires some level of assistance at home both with his yard work as well as routine household cleaning jobs." Dr. Cohen's statement that plaintiff requires "some level of assistance" and other evidence presented are insufficient to meet plaintiff's burden of establishing that assistance with yard work and housecleaning is a reasonably required "medical, surgical, hospital or other treatment" covered under N.C. Gen. Stat. § 97-25, considering plaintiff's permanent physical restrictions. Plaintiff's restrictions do not appear to prevent him from doing routine housecleaning or routine yardwork.
 ***********
The foregoing stipulations and findings of fact engender the following additional
 CONCLUSION OF LAW
The benefits sought by Plaintiff in this proceeding are for assistance at home with his yard work as well as routine house cleaning jobs. Plaintiff has not proven by the greater weight of the evidence that assistance with yard work and household cleaning is a reasonably required medical or "other treatment" covered under N.C. Gen. Stat. § 97-25 under the facts of this case.
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following
 AWARD
1. Plaintiff's claim attendant care is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of July 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN